## JEAN BAPTISTE LAMBERT *v.* HIS CREDITORS.

A marriage contract, executed before a notary, which attests that a sum was received by the husband from the wife, as a part of her dowry, in the presence of himself and the subscribing witnesses, is the best evidence of which the payment is susceptible. But it may be rebutted by evidence establishing collusion, as that the money had been obtained only for the moment and had been repaid.

APPEAL from the District Court of the First District, *Buchanan*, J. This was an opposition to a tableau of distribution

.filed by Jean Baptiste Lambert, as syndic of his own creditors. The opposition alleges that the tableau allows $1195 15, to Marie Angelique Lambert, wife of the insolvent, in part payment of her dotal rights; that the wife brought no property in marriage, and has no claim to any dower; and that the husband has colluded with her for the purpose of defrauding his creditors. It prays that the tableau may be amended by rejecting the allowance to the wife, and placing the opponent thereon as a mortgage creditor for the amount of a judgment obtained against the insolvent previous to his surrender, and as a privileged creditor for certain costs. The opposition having been dismissed, Bowman, the opponent, appealed.

*J. F. Pepin,* for the syndic. The judgment should be confirmed. The dowry (*dot*) was paid by the wife, in the presence of the notary and witnesses. The proof of payment is complete, both as to the parties, and third persons, unless the notarial act itself be proved to have been a forgery. Civ. Code, 2233. 2235. Code Nap. 1319, 1320, and note of Paillet. Pothier, liv. 8, tit. 143—149. In the cases of *Buisson* v. *Thompson,* 7 Mart. N. S. 460, *Lucket* v. *Lucket, et al.,* 11 La. 246, and *Dimitry et ux.* v. *Pollock, et al.,* 12 Ib. 296, and in other cases, this court very properly decided that the acknowledgment of the husband alone is no proof of payment. But in none of these cases had the money been paid in the presence of the notary and witnesses.

In this case the opposing creditor must prove fraud. Civ. Code, 2333. It will not be presumed. *Fort and wife* v. *Metayer, et al.,* 10 Mart. 436. *Delee* v. *Watkins, et al.,* 2 La. 309.

*L. Janin* for the appellant. The only question presented by this case is, whether the statement of the notary that the money was paid in his presence, is sufficient proof of the rights of the wife ?

This question was examined in the case of *Buisson* v. *Thompson,* 7 Mart. N. S. 461. The court quotes Febrero, who says : "Lo que constituye la verdadera dote, es su numeracion, no la escritura. Nada aprovechara (la muger) la confesion ; y por consigniente necesitara probar su *numeracion y entrega.*" Lib. 3, cap. 3, § 2, No. 138.

1 Tapia 53. "Pero aunque el marido confiese haber recibido

la dote, si por otro medio no se justifica su numeracion y entrega, no gozará del privilegio dotal; y asi aunque perjudique totalmente al marido y sus herederos extraños au confesion, mas no á sus acreedores."

The money must be both counted and paid over. Indeed, without having seen the money counted, the witnesses could not have that certain knowledge which is indispensable, to enable them to give positive testimony. It would not be sufficient if they were to state, that they saw a bag delivered apparently of the size and weight of those in which one thousand dollars are contained, or a check for the like sum, or a bundle of bank notes at which they glanced only superficially.

The authorities cited do not say, that the notary's statement shall be sufficient to prove that the money which was paid by the wife, was also her property. The notary can only attest what he saw, viz. the counting and payment of the money. When he relates the declaration of the wife, that the money was hers, he gives it no additional weight; and, if the acknowledgments of the husband are presumed to be fraudulent, (1 Tapia 53, No. 5,) the declarations of the wife in her own favor can certainly not be considered better evidence. To acknowledge the momentary possession of the money as proof of its ownership, would be to defeat the jealous policy of the law, and to hold out a temptation to fabricate evidence without the fear of detection. This is, nevertheless, what the District Court held. And to support this proposition, the appellant cites 8 Toullier, 227. *Buisson* v. *Thompson*, 7 Mart. N. S. 460. *Luckett* v. *Luckett*, 11 La. 245. *Fennessee* v. *Gonsonlin*, 11 La. 422. *Dimitry* v. *Pollock*, 12 La. 303. These authorities tend directly to the contrary conclusion, to wit, that the notary's declaration, that the wife paid a sum of money as her dower, in the presence of the notary, to the husband, is not sufficient evidence against the husband's creditors of the wife's rights. Toullier, in the passage quoted, vol. 8, p. 226, No. 150, illustrates art. 1319 of the Code Nap., literally the same as art. 2233 of the Code of this State. This art. declares that, "the authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery."

Here we are investigating the effect of the act upon *third persons*. Yet the act produces certain effects upon third persons. The declaration of the notary *of what passed in his presence*, we admit to be evidence against them until disproved. Thus the counting of the money, its payment to the husband, its kind and description, might be proved by the notary's declaration in the act of what he and the witnesses saw. But does that prove that the money belonged to the future wife, or to whom it belonged ? If the act states this, it is on the declaration of the parties ; it is no longer the personal attestation of the notary. This vital distinction is made by Toullier, *loco citato :* " Quant aux choses dont le notaire n 'a pas été témoin, parcequ 'elles ne se sont point passées en sa présence, qu 'il ne rapporte que sur la foi des parties, ou de l'une d'elles, il est évident que le témoignage du notaire, n'a plus la même authenticité. Ce n'est plus qu'un témoin qui dépose sur un oui dire, et dont la déposition ne peut avoir plus de force que n 'aurait celle de l'individu sur la foi duquel il rapporte les faits ou les circonstances."

But we need not consult foreign jurisconsults on this subject, on which our own jurisprudence is fully settled. " The law views with jealousy all acknowledgments from the husband to the wife admitting the receipt of money. *Beard* v. *Bijeaux*, 8 Mart. N. S. 463. As to creditors, the receipt of the money must be proved otherwise (7 Mart. N. S. 460. 8 Ib. 462. 11 La. 246) ; not even a judgment obtained by the wife against the husband is evidence against them, if they allege fraud, (8 Mart. N. S. 462. 11 La. 422,) or even that it was obtained by consent. *Dimitry* v. *Pollock*, 12 La. 302. The wife is bound to prove her rights contradictorily with them. The judgment may be entirely disregarded by the creditors, and the court will not inquire how it was obtained. 12 La. 302. The rights of the wife are to be proved, not by *prima facie*, but by *conclusive* evidence. 7 Mart. N. S. 460. 12 La. 303, 304.

In the last case the judgment is called *prima facie* evidence, though it might have been the result of the testimony of disinterested witnesses who gave their testimony in court. And could the declaration of the wife, that the money which she produces before the notary is *hers*, be considered as *conclusive evidence* of

the fact? By maintaining such a proposition, the court, while endeavoring to uphold an important principle, would at once indicate an easy and safe method of evading it. In our state of society nothing can be easier then for persons possessed of the cunning necessary for fraudulent practices, to procure for half an hour the loan of a sum of money, were it only from one of the witnesses present. Nay, such precautions, so unusual and so little harmonizing with the mode of doing business in this city, are calculated to excite increased suspicion; and it may be believed without much difficulty, that, by such devices, the insolvent bridegroom attempted to secure both a wife, and the property which impending judgments were about wresting from him.

J. F. Pepin, in reply. It is unimportant that the act does not state, literally, that the money was counted in the presence of the notary. " L' acte authentique," says Merlin, " fait pleine foi non seulement de ce qu 'il atteste directement, mais encore de ce qu 'il atteste indirectement ou obliquement, c'est à dire de ce qui est une suite nécessairé et infallible." Repert. de Jurisprudence. 4 Dalloz. Dict. Général et Raissonné, verbo, Preuve Littérale—Foi due aux Actes Authentiques. The possession of the money, though it should not be considered conclusive as to the right of property, is prima facie evidence of it. The possession of moveables is a presumption of title.

MARTIN, J. Bowman, one of the creditors, is appellant from a judgment overruling his opposition to the claim of the insolvent's wife to the sum of $1195 15, on the ground of collusion between her and her husband, and on an allegation that she brought nothing in marriage. Her marriage contract attests, that a sum of $2000 in current money was received by the husband in the presence of the notary and the underwritten witnesses, proceeding from her gains and economy, and brought by her in marriage as part of her dot. The appellant's counsel has contended, that the fact of the two thousand dollars proceeding from her gains and economy, does not establish that the money which the notary and witnesses attest that they saw her pay, was her own; that her declaration of the manner in which she obtained it, is no evidence against the creditors, as she might have borrowed it even from one of the witnesses, who, without losing sight of it, might have regained pos-

Roman, Governor, for the use of &c., v. Peters and others, Sureties of Hozey.

session as soon as he and the parties left the notary's office. All this is very true. The first judge concluded that the attestation in the marriage contract, that the two thousand dollars were paid by the wife to the husband in his presence and that of the witnesses, is *prima facie* evidence of its having been legally paid, and that, no proof to the contrary having been offered, her claim must be sustained. The attestation of the notary that payment had been made in his presence and that of the witnesses, is the best evidence of which the payment is susceptible. None higher can or need be adduced. It is, indeed, susceptible of being rebutted, as by evidence of possession of the money having been momentarily obtained, and of its having been immediately after the act repaid by the husband to the lender, as urged by the appellant's counsel ; but the record affords not a tittle of evidence from which this may be suspected in the present case.

*Judgment affirmed.*